IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REISH CARL ELLIS,

    Petitioner,                 No. CIV S-06-0767 MCE EFB P

    vs.

DAVID L. RUNNELS, et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 14, 2006, respondents filed a motion to dismiss this action on the grounds that petitioner has failed to exhaust available state court remedies as to all of his claims. On August 18, 2006, the court sent to petitioner a notice of Local Rule 78-230(m), informing petitioner that an opposition was due not more than 21 days after the date of the notice and that a failure to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions. *See* Fed. R. Civ. P. 41(b). Petitioner did not file an opposition to the motion, and on November 2, 2006, the court issued findings and recommendations, recommending dismissal of the action without prejudice.

        On December 18, 2006, petitioner requested an enlargement of time in which to file objections to the findings and recommendations. Finding good cause, the district court vacated

the order adopting the findings and recommendations on January 23, 2007, and on February 6, 2007, petitioner filed his objections. The court construes these objections as an opposition to the motion to dismiss. On November 28, 2007, petitioner filed a motion to stay the proceedings and hold his petition in abeyance. The court will now turn to respondents' motion to dismiss and petitioner's motion for stay and abeyance.

Petitioner asserts the following six claims in his federal application: (1) "motion counsel"[1] rendered ineffective assistance of counsel when he argued against petitioner's motion to withdraw his guilty plea; (2) the guilty plea was not voluntarily and intelligently entered into because it was based on the advice of counsel who had not adequately investigated the facts of the case or the available defenses; (3) ineffective assistance of trial counsel for failing to adequately investigate the laws and facts of the case, such as interviewing a witness; (4) ineffective assistance of trial counsel for failing to investigate a defense of unconsciousness / imperfect self-defense as petitioner had been drinking and felt cornered; (5) ineffective assistance of trial counsel for failing to avail himself to the expert witness; and (6) ineffective assistance of trial counsel for failing to investigate or know the law pertaining to the defense of heat of passion/sudden quarrel.

The documents lodged in this case show that only the first issue was fairly presented to the state courts. Grounds two through six have not been exhausted as state remedies are still available to petitioner. These unexhausted claims have not yet been considered by the California Supreme Court. The petitions to the Third District California Court of Appeal and the California Supreme Court presented a single claim of ineffective assistance of counsel, arguing that counsel appointed to investigate a motion to withdraw his no-contest plea (motion counsel) rendered ineffective assistance in advising the court that there was no basis for withdrawing the plea, and thus "argu[ing] against defendant." Thus, petitioner may only proceed on that single claim.

---

[1] "Motion counsel" refers to the attorney who assisted petitioner with his motion to vacate his plea. This attorney is different from his trial counsel.

Respondent further argues that a stay and abeyance pending exhaustion of the other claims should be denied because petitioner has not shown good cause for his failure to exhaust as required by *Rhines v. Weber*, 544 U.S. 269, 277 (2005). *Rhines* holds that certain limitations apply to the granting of a motion to stay and hold in abeyance a mixed habeas petition. Initially, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. "Moreover, even if the petitioner has good cause for the failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* Finally, if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant a stay at all. *Id.*

Here, petitioner has submitted nothing to excuse his failure to present claims two through six to the California Supreme Court and the court finds that petitioner has failed to establish good cause for his delay in presenting those claims to the state court. Therefore, the court recommends granting respondents' motion to dismiss.

For the foregoing reasons, the court also recommends denying petitioner's motion to stay the proceedings and hold his petition in abeyance. Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA. "District courts should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278 (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (petitioner must pursue state remedies within thirty days after the stay is entered and return to federal court within thirty days after the state court exhaustion is completed.)); *see also Kelly v. Small*, 315 F.3d 1159, 1070-71 (9th Cir. 2002) (*pre-Rhines* case holding it is appropriate to vacate stay *nunc pro tunc* and dismiss where petitioner is given 30 days to present unexhausted claims to state court and 30 days after final state-court determination to return to federal court, and fails to do so). The Anti-Terrorism and Effective Death Penalty Act

("AEDPA") creates a one-year statute of limitations in which a federal habeas corpus petition must be filed following the conclusion of direct review of the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Petitioner's state petition was denied review by the California Supreme Court on January 12, 2005. Petitioner filed the instant action on April 10, 2006, in excess of the one-year statute of limitations provided by AEDPA. Thus, the court finds that a stay and abeyance is not appropriate and petitioner's request must be denied.

However, petitioner must be afforded the opportunity to amend his petition to delete the unexhausted claims before dismissing the action without prejudice due to petitioner's failure to exhaust his available state remedies. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982); *James v. Pliler*, 269 F.3d 1124, 1127 (9th Cir. 2000); *Tillema v. Long*, 253 F.3d 494, 503-04 (9th Cir. 2001); *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000); *Greenawalt v. Stewart*, 105 F.3d 1268, 1274 (9th Cir. 1997).

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondents' July 14, 2006, motion to dismiss be granted;

2. Petitioner's November 28, 2007, motion for stay and abeyance be denied;

3. The petition be dismissed for failure to exhaust all claims presented; and

4. Petitioner be granted thirty days in which to file an amended petition containing only his first, exhausted claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 15, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE