IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REISH CARL ELLIS,                           No. 2:06-cv-00767-MCE-EFB P

        Petitioner,

    vs.                                     ORDER

DAVID RUNNELS, et al.,

        Respondents.

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. On January 12, 2009, petitioner filed a motion for stay and abeyance, which the court construes as a request for reconsideration of its March 28, 2008 order denying petitioner's November 28, 2007 motion for stay and abeyance.

    This case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. On February 15, 2008, the magistrate judge issued findings and recommendations, which recommended that respondents' July 14,

2006 motion to dismiss be granted because petitioner failed to
exhaust state remedies as to all of his claims, and that
petitioner's November 28, 2007 motion to stay the proceedings and
hold his petition in abeyance while he exhausts his state
remedies be denied because petitioner had not shown good cause
for his failure to exhaust.  The magistrate judge also
recommended that petitioner be granted thirty days in which to
file an amended petition containing only his first, exhausted
claim.[1]  Petitioner did not file objections to the findings and
recommendations.  After reviewing the entire file, the
undersigned issued an order, filed March 28, 2008, adopting the
findings and recommendations in full.  On January 12, 2009,
petitioner filed a second request for stay and abeyance, which
the court construes as a request for reconsideration of its
March 28, 2008 order.

Although motions to reconsider are directed to the sound
discretion of the court, <u>Frito-Lay of Puerto Rico, Inc. v. Canas</u>,
92 F.R.D. 384, 390 (D.C. Puerto Rico 1981), considerations of
judicial economy weigh heavily in the process.  Thus Local Rule
78-230(k) requires that a party seeking reconsideration of a
district court's order must brief the "new or different facts or
circumstances . . . [which] were not shown upon such prior
motion, or what other grounds exist for the motion."

[1] Petitioner ultimately complied with this order on
January 22, 2009, when he filed an amended petition containing
only one claim, which is fully exhausted.  This action now
proceeds on that amended petition.

The rule derives from the "law of the case" doctrine which provides that the decisions on legal issues made in a case "should be followed unless there is substantially different evidence . . . new controlling authority, or the prior decision was clearly erroneous and would result in injustice." Handi Investment Co. v. Mobil Oil Corp., 653 F.2d 391, 392 (9th Cir. 1981); see also Waggoner v. Dallaire, 767 F.2d 589, 593 (9th Cir. 1985), cert. denied, 475 U.S. 1064 (1986).

Plaintiff has failed to demonstrate any new or different facts or circumstances which did not exist or were not shown upon the prior motion. See E.D. Local Rule 78-230(k). Accordingly, IT IS ORDERED that plaintiff's request for reconsideration is hereby DENIED

Dated: March 6, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE