IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REISH CARL ELLIS,

        Petitioner,                      No. CIV S-06-0767 MCE EFB P

   vs.

DAVID RUNNELS, et al.,

        Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

       Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 17, 2009, he requested that the court stay this matter so that he can exhaust state court remedies as to several ineffective assistance of counsel claims. For the reasons stated below, the court recommends that the request be denied.

       A court may stay a petition and hold it in abeyance pursuant to either *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) or *Rhines v. Weber*, 544 U.S. 269 (2005). *King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). Under *Kelly*, the petitioner amends his petition to delete any unexhausted claims, and the court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. *Id.* (citing *Kelly*, 315 F.3d at 1070-71). Later, the petitioner amends his petition and adds the newly-exhausted claims to the original petition. *Id.* Granting a stay is within the

court's discretion.  *Kelly*, 315 F.3d at 1070.  Under *Rhines*, a court may stay a mixed petition, i.e., one containing exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts.  *Rhines*, 544 U.S. at 277.  Under *Rhines*, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'"  *Kings*, 564 F.3d at 1139 (quoting *Rhines*, 544 U.S. at 277-78).  Furthermore, it is inappropriate to issue a stay under *Rhines* "when the unexhausted claims are 'plainly meritless,' or where the petitioner has engaged in 'abusive litigation tactics or intentional delay.'" *Id.*

This is petitioner's third request for a stay.  *See* Dckt. Nos. 30, 47, 52.  The court denied petitioner's first request because petitioner failed to make the showing required by the United States Supreme Court in *Rhines* to justify a stay.  *See* Dckt. Nos. 38.  The court denied petitioner's second request, which was a request for reconsideration of the first request, because petitioner had failed to demonstrate any new or different facts or circumstances which did not exist or were not shown upon the prior request.  *See* Dckt. No. 51 (citing E.D. Local Rule 78-230(k)).

In the instant request, petitioner points to an email communication dated April 3, 2003, and argues that the "contents of the communication clearly show trial counsel used petitioner[']s mother to coerce him into taking an unfavorable deal."  Pet.'s Mot. to Stay ("Mot.") at 2. However, the contents of the e-mail communication do not suggest that petitioner has a potentially meritorious ineffective assistance of counsel claim.  *See id.*, Ex. A.  Moreover, the e-mail communication is over six years old and petitioner fails to provide any explanation for his delay in presenting this claim to the state courts.  Once again, petitioner fails to make a sufficient showing under *Rhines*.  Further, the undersigned recommends that the district court exercise its discretion not to stay the petition pursuant to *Kelly*, as petitioner fails to even identify all of the claims that he now seeks to exhaust.  *See* Mot. at 3 (requesting a stay because "he has several more issues related to trial counsel's misrepresentation").  Petitioner asserts that he has presented

1 "new facts" sufficient to warrant reconsideration of his previously filed request for a stay. *Id.* at
2 1. This court, however, has already ruled on petitioner's request for reconsideration. Dckt. No.
3 51. Additionally, petitioner's reference to a six-year old e-mail communication does not satisfy
4 the standard enunciated in Local Rule 230(j).

5 Accordingly, it is hereby RECOMMENDED that petitioner's September 17, 2009 motion
6 for a stay be denied.

7 These findings and recommendations are submitted to the United States District Judge
8 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one
9 days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties. Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
12 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
13 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
14 Dated: December 18, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3